UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUCRETIA CLAY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:25-cv-00018-JPH-TAB |
| ) | |
| ANDREW THORUP in his individual and official ) | |
| capacity, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Lucretia Clay seeks leave to file a second amended complaint. [Filing No. 40.] Defendant City of Lawrence objects, arguing that the motion should be denied as futile. [Filing No. 46.] No other party has responded to Plaintiff's motion. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part. [Filing No. 40.]

Additionally, Defendants the State of Indiana and Axon Enterprise, Inc., moved to dismiss Plaintiff's first amended complaint. Upon Plaintiff's filing of a revised second amended complaint, Defendants' motions to dismiss will be rendered moot. [Filing No. 36, Filing No. 38].

**I.     Introduction**

Plaintiff's first amended complaint asserts claims against two police officers (in their individual and official capacities), the cities and police departments of Indianapolis and Lawrence, the State of Indiana, and Axon, a Taser manufacturer. [Filing No. 28.] The first amended complaint asserts a variety of constitutional and state law tort claims against these Defendants, including negligence, false imprisonment and arrest, infliction of emotional distress, illegal search and seizure, assault and battery, excessive force, defamation, and obstruction of justice, arising out

of an August 30, 2022, incident that culminated in Plaintiff's arrest. [Filing No. 28.] In addition to those claims, Plaintiff's proposed second amended complaint[1] asserts constitutional and state law tort claims against six additional police officers[2] (in their individual and official capacities) and asserts a products liability claim against Axon. [Filing No. 40; Filing No. 40-1.]

The City of Lawrence argues that the proposed claims asserted against the six newly named officers are futile because (1) Plaintiff's claim against the City of Lawrence—the employer of those officers—bars claims against them in their official capacities; (2) the applicable statute of limitations bars the claims against the officers in their individual capacities; and (3) Indiana law provides immunity to the officers for claims asserted against them in their individual capacities. [Filing No. 46.] While the latter argument is underdeveloped, the Court agrees that all claims against the newly named officers are futile and denies Plaintiff leave to assert those claims. However, the proposed products liability claim against Axon is unopposed. The Court grants Plaintiff leave to file a revised second amended complaint, asserting a products liability claim against Axon. Plaintiff's revised second amended complaint shall comply with the dictates of this order and with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to contain a "short and plain statement" of each claim.

---

[1] Plaintiff titled the proposed amended complaint accompanying her second motion for leave to amend "Amended Complaint for Damages"—the same title she used for the proposed amended complaint accompanying her first motion for leave to amend. [Filing No. 40-1; Filing No. 28.] For the sake of clarity, the Court refers to Filing No. 28 as the "first amended complaint" and Filing No. 40-1—the pleading currently at issue—as the "proposed second amended complaint."

[2] The proposed second amended complaint seeks to add the following police officers as Defendants: Justin Rossillo, Gustavo Canas, Anthony Stout, Douglas Roskowski, Brandon Raftery, and Jeffrey Gray. [Filing No. 40-1, at ECF p. 2]

**II.     Discussion**

While Rule 15(a)(2) requires courts to grant leave to amend freely when justice so requires, courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). "A court may find a proposed amendment is futile if it provides facts or legal theories that are redundant, immaterial, or unresponsive." *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 62 Fed. App'x. 122, 124 (7th Cir. 2003). Additionally, a court may find a proposed amendment futile if the amendment includes claims that fail to state a claim for relief under Rule 12(b)(6). *See Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss.").

When leave is granted and an amended complaint is filed, the amended complaint becomes the operative complaint, "making the pending motions to dismiss the *original* complaint irrelevant." *Bertha v. Sullivan*, 719 Fed. App'x. 516, 518 (7th Cir. 2017) (emphasis original); *see also Dordieski v. Austrian Airlines*, No. 2:15-cv-180-PPS-PRC, 2016 U.S. Dist. LEXIS 200609, at *1-2 (N.D. Ind. Jan. 28, 2016) (denying a motion to dismiss a first amended complaint after a plaintiff filed a second amended complaint).

**A. Plaintiff's "official capacity" claims against the newly named officers are redundant of her claims against the City of Lawrence and, therefore, futile.**

Official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991); *see also Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) ("An official capacity suit is tantamount to a claim against the government entity itself."). A lawsuit cannot simultaneously assert claims

against a government employee in his official capacity and his governmental employer. *See Orr v. Ferebee*, No. 1:16-cv-2610-RLY-DML, 2017 WL 1509309, at *2 (S.D. Ind. Apr. 27, 2017) ("Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself. Thus, when, as here, the entity is also named, the official capacity claim is redundant and subject to dismissal." (internal quotations and citations omitted)). In *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985), the Seventh Circuit explained the mutually exclusive nature of such claims:

> If you believe that a state officer has violated your constitutional rights, you have a choice between suing the officer [in his official capacity] and suing the state. . . . A suit against an official in his official rather than individual capacity is a suit against the state.

(internal citations omitted).

Plaintiff's proposed second amended complaint names six additional officers in their personal and official capacities and alleges that, at all relevant times, each officer was "acting as a government employee [of] [t]he City of Lawrence and [t]he Lawrence Police Department." [Filing No. 40-1, at ¶¶ 10-15.] Both the city and police department of Lawrence are already parties to this lawsuit and face claims stemming from the alleged behavior of their officers during the August 2022 incident. [Filing No. 28.] Thus, the claims against the newly named officers in their official capacities are redundant and futile, and the Court denies Plaintiff leave to add claims against the officers in their official capacities.

**B. Plaintiff's claims against the officers in their individual capacities are time barred.**

Plaintiff's constitutional and state law tort claims are subject to a two-year statute of limitations. *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019) (applying the state law personal injury statute of limitations to constitutional torts under 42 U.S.C. § 1983); Ind. Code § 34-11-2-4 (establishing a two-year statute of limitations for personal injury claims for adult

4

claimants in Indiana). Plaintiff's claims stem from an incident on August 30, 2022, but Plaintiff did not seek to name the six additional officers until March 12, 2025—two and a half years after the incident. Thus, Plaintiff's proposed claims against the newly named officers in their individual capacities are time barred, and the amendment is futile. *See Buy Direct, LLC v. DirectBuy, Inc.*, No. 2:15-cv-344-JPK, 2023 WL 142704, at *6 (N.D. Ind. Jan. 10, 2023) ("[A] court may consider the statute of limitations in deciding whether a proposed amendment to add a new defendant would be futile[.]"); *Hodge v. County of Delaware*, No. 1:09-cv-519-WTL-DML, 2009 WL 3415131, at *5 (S.D. Ind. Oct. 16, 2009) (denying a plaintiff leave to amend a complaint to name newly identified police officers as defendants after the expiration of the two-year statute of limitations for § 1983 claims).

In her reply, Plaintiff argues that the amended complaint should relate back to the date of the original pleading. [Filing No. 47.] The problem with this argument is two-fold. First, Plaintiff raised this argument for the first time in her reply brief. Thus, Plaintiff has waived this argument. *See Wonsey v. City of Chicago,* 940 F.3d 394, 398-99 (7th Cir. 2019) ("[A]rguments raised for the first time in a reply brief are waived."). Second, even if Plaintiff properly preserved the argument, Plaintiff failed to provide sufficient information and analysis to the Court to establish that the requirements of Rule 15(c)(1)(C) are fulfilled. *See Baliga v. Smith*, 594 F. Supp. 3d 1084, 1088 (S.D. Ind. 2022) ("'It is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver.'" (quoting *Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010))). For Plaintiff's claims to relate back to the date of the original complaint, the six newly named officers must have had objective or subjective notice that the lawsuit would have named them but for a mistake concerning their identities. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii). Unlike official capacity suits, which are essentially suits against a governmental

5

entity, individual or personal capacity suits "seek to impose personal liability upon a government official for actions he takes under the color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, the notice of the officers' employer is irrelevant to the officers' notice of the likelihood that Plaintiff would assert claims against them in their individual capacities.

Rule 15(c) permits a plaintiff to assert a claim against a defendant after the expiration of the statute of limitations, but only if the defendant: (1) had notice of the lawsuit and would not be prejudiced in defending himself, and (2) knew or should have known that the plaintiff would have sued the defendant in the original, timely, complaint but for the plaintiff's confusion as to the defendant's identity. In the present case, Plaintiff has asserted no evidence or allegation to suggest that the newly named officers received notice of the lawsuit or should have known that Plaintiff would have named them if their identities were known to her sooner. Thus, the officers did not have the opportunity to take actions necessary to ensure their ability to defend against Plaintiff's claims seeking to hold them personally liable. As a result, the individual capacity claims do not relate back and are futile due to the expired statute of limitations.[3] The Court denies Plaintiff leave to assert any claims against the six newly named officers.

### C. The Court grants Plaintiff leave to file a revised second amended complaint that includes a products liability claim against Axon and complies with Rule 8.

Plaintiff's proposed second amended complaint includes a new claim of "Inadequate Warning and Product Liability" against Axon. [Filing No. 40-1, at ECF p. 48.] Plaintiff's proposed products liability claim alleges that Axon manufactured a Taser that provided no audible warning

---

[3] The City of Lawrence also argues that Plaintiff's proposed individual capacity claims are futile due to the six officer's immunity under Ind. Code § 34-13-3-5. While immunity may in fact bar some of the state law claims against these officers, this complicated and nuanced issue need not be decided at this stage in the litigation. Because the statute of limitations bars the individual capacity claims, the Court need not decide which individual capacity claims, if any, are futile due to the officers' assertion of qualified immunity.

prior to deployment and was, therefore, unreasonably dangerous. [Filing No. 40-1, at ECF p. 48.] This is essentially the same factual allegations asserted against Axon in the first amended complaint but packaged as a more appropriate legal theory. [Filing No. 28, at ECF p. 27-28, 41 (asserting claims of negligence and assault and battery against Axon based on its failure to install an audible warning system in the Taser used on Plaintiff).] No party has argued that the proposed products liability claim is contrary to the interests of justice or otherwise improper. Therefore, the Court grants Plaintiff leave to file a second amended complaint that includes a products liability claim against Axon.

To comply with this order, Plaintiff must revise her proposed second amended complaint prior to filing. The revised second amended complaint must omit the claims against the six newly named officers. Other than the products liability claim, the revised second amended complaint may not include any claim not contained in the first amended complaint and may not name new parties.

Furthermore, the Court recommends that Plaintiff ensure compliance with Rule 8. Under Rule 8, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The purpose of Rule 8's "short and plain" pleading standard "is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Plaintiff's first amended complaint and proposed second amended complaint are unwieldy and non-compliant with Rule 8. The proposed second amended complaint's 53 pages is excessive, as was the first amended complaint's 48 pages. *See Kuehl v. F.D.I.C.*, 8 F.3d 905, 909 (1st Cir. 1993) (upholding the dismissal of 43-page amended complaint for non-compliance with Rule 8's "short and plain" pleading standard); *Cintron-Luna v.*

*Roman-Bultron*, 668 F. Supp. 2d 315, 318 (D.P.R. 2009) (dismissing a *pro se* plaintiff's 56-page amended complaint on the same grounds). Plaintiff should consider the arguments asserted in the pending motions to dismiss when revising the second amended complaint. Plaintiff is permitted to omit previously asserted claims if she no longer believes they hold merit.

### III.    Conclusion

For these reasons, Plaintiff's motion for leave to file a second amended complaint [Filing No. 40] is granted in part and denied in part. Plaintiff shall have until May 20, 2025, to file a revised second amended complaint, as authorized by this order.

Furthermore, the filing of the revised second amended complaint will moot the pending motions to dismiss. [Filing No. 36, Filing No. 38]. Once filed by Plaintiff, all Defendants will have 14 days to answer or otherwise respond to the revised second amended complaint.

Date:  5/6/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

LUCRETIA CLAY
10242 John Jay Drive
Indianapolis, IN 46235