UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUCRETIA CLAY,<br>D. C. Child one by LUCRETIA CLAY, his next friend,<br>H. M. Child two by LUCRETIA CLAY, his next friend,<br>H. M. Child three by LUCRETIA CLAY, his next friend,<br><br>    Plaintiffs,<br><br>v.<br><br>ANDREW THORUP in his individual and official capacity, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:25-cv-00018-JPH-TAB<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING MOTION TO REMAND**

Plaintiff, Lucretia Clay, brought this action in Indiana state court on behalf of herself and three of her minor children, raising claims related to an interaction with City of Lawrence police officers and her subsequent arrest. Dkt. 1-2. Defendants Khalid Brooks, City of Lawrence, and Andrew Thorup removed the case to this Court on January 3, 2025. Dkt. 1.

Ms. Clay has filed a motion to remand this case to Indiana state court. Dkt. 23. She argues that the City of Lawrence filed its notice of removal too late and that not all Defendants consented to the removal. *Id.* Defendants respond that the removal was proper. Dkt. 35. Ms. Clay did not reply.

"Each defendant" has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). A "later-served defendant" may remove the case even

1

if an "earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).  So here, removal was timely if any one of the removing Defendants—Khalid Brooks, City of Lawrence, and Andrew Thorup—was in the thirty-day removal window.  *See Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016) ("Taken together, [§ 1446(b)(2)(B) and (C)] show that an earlier-served defendant's conduct does not extinguish a later-served defendant's right to remove the case."); *Watkins v. Wexford of Ind., LLC*, No. 1:20-cv-856-JPH-DML, 2020 WL 4462637 at *2 (S.D. Ind. Aug. 3, 2020).

In an undisputed declaration, Officer Brooks testifies that he received the complaint "after December 9, 2024," which is fewer than 30 days before he removed the case to this court on January 3, 2025.  Dkt. 35-3 at 1.  Ms. Clay has designated evidence that the complaint was delivered by certified mail to the Lawrence City Government Center's address on December 2, 2024.  Dkt. 23-1; dkt. 23-2; *see* dkt. 35-3 at 1.  But she has not disputed Officer Brooks's testimony that the City Government Center is not his place of employment, so that mailing did not properly serve Officer Brooks on December 2.  *See* dkt. 35-3 at 1; Ind. Tr. R. 4.1(A) (allowing service on an individual by certified mail to his place of employment).  Officer Brooks's removal of this case was therefore timely.  *See* 28 U.S.C. § 1446(b)(2).[1]

---

[1] The Court therefore does not address Defendants' argument that the removal was also timely as to the City of Lawrence and Officer Thorup.  *See* dkt. 35 at 5–6.

All defendants "who have been properly joined and served" have also consented to removal, as 28 U.S.C. § 1446(B)(2)(A) requires. *See Roberts v. Smith & Wesson Brands*, 98 F.4th 810, 814 (7th Cir. 2024). Even if all named Defendants have been properly served—which Defendants dispute but the Court need not address, dkt. 35 at 6–9—the notice of removal indicated that they consented to removal. Dkt. 1 at 1–2.[2] That is enough to satisfy 28 U.S.C. § 1446(B)(2)(A). *See Mayo v. Bd. of Ed. of Price George's Cnty.*, 713 F.3d 735, 742 (7th Cir. 2013) (holding "that a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal"); *Jenson v. Lowe's Home Ctrs., LLC*, 1:22-cv-1100-JRS-MPB, 2022 WL 4462425 at *2 (S.D. Ind. Sept. 26, 2022).

Because the removal was timely and all Defendants consented to it, Ms. Clay's motion to remand is **DENIED**. Dkt. [23].[3]

**SO ORDERED.**

Date: 5/14/2025

                                                *James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[2] Ms. Clay's state-court complaint also listed "City of Lawrence EMT" and "Indianapolis Metropolitan Police Department Inmate Transport Officer" as defendants. Dkt. 1-2 at 1. Since unidentified defendants cannot have been served, *see Howell v. Tribute Enter. Co.*, 106 F.3d 215, 217 (7th Cir. 1997), their consent to removal is not required, 28 U.S.C. § 1446(B)(2)(A).

[3] The Court therefore does not address Defendants' argument that Ms. Clay waived any challenge to removal by seeking leave to amend her complaint. *See* dkt. 35 at 4–5.

Distribution:

LUCRETIA CLAY
10242 John Jay Drive
Indianapolis, IN 46235

LUCRETIA CLAY
1114 West 8th Street
Muncie, IN 47302

All electronically registered counsel