UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LUCRETIA CLAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00018-JPH-TAB |
| | ) | |
| ANDREW THORUP in his individual and official capacity, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTIONS TO CORRECT ERRORS
IN THE ORDER ON PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Lucretia Clay filed three motions requesting to correct the Court's order granting in part and denying in part her motion for leave to file a second amended complaint. [Filing No. 62; Filing No. 63; and Filing No. 64.] Filing Nos. 62 and 63 are duplicate motions. Filing No. 64 amends Filing Nos. 62 and 63. Therefore, the Court denies Filing Nos. 62 and 63 as moot and addresses Filing No. 64 below.

**I.    Introduction**

Plaintiff bases her motion on Rule 60(b) of the Federal Rules of Civil Procedure. [Filing No. 64, at ECF p. 1.] However, that Rule is inapplicable. Rule 60 allows a party to seek relief from final judgments and orders resolving all issues in a case, not reconsideration of preliminary matters such as leave to amend a pleading. *See Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (finding that Rule 60 was inapplicable prior to final judgment); Fed. R. Civ. P. 60.

When seeking reconsideration of interlocutory orders prior to the entry of final judgment, litigants should invoke Rule 54(b). *T.S. by and through T.M.S. v. Heart of CarDon, LLC*, No. 1:20-cv-1699-TWP-MG, 2021 WL 2946447, at *3 (S.D. Ind. July 14, 2021); *see also Galvan v.*

1

*Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (noting that Rule 54(b) grants courts the discretion to reconsider non-final orders). Therefore, the Court interprets Plaintiff's motion as a motion to reconsider under Rule 54(b). Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment[.]" A party moving for reconsideration of an order under Rule 54(b) must "clearly establish" that: (1) the court committed a manifest error of law or fact, or (2) newly discovered evidence warrants reconsideration. *T.S. by and through T.M.S.*, 2021 WL 2946447, at *3 (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). "'Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.'" *Id.* (quoting *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004)); *see also Davis v. Carmel Clay Schools*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) ("[In a motion to reconsider,] [t]he parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories."). Reconsideration of an order is an "extraordinary remed[y] reserved for the exceptional case." *Id.* (citing *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)).

II. **Plaintiff has not put forth newly discovered evidence or shown that the Court committed any manifest error of law or fact when denying leave to assert claims against six non-party police officers.**

Plaintiff previously moved for leave to file a second amended complaint to assert claims against six non-party police officers of the Lawrence Police Department and to assert a products liability claim against Defendant Axon Enterprise, Inc. [Filing No. 40.] The Court granted leave to assert the products liability claim and denied leave to assert the claims against the non-party officers. [Filing No. 51.] Plaintiff's arguments in the motion to correct error [Filing No. 64] are

difficult to follow.  Plaintiff's motion mainly consists of quotations from the Court's order and Plaintiff's original complaint with little or no further explanation.  While the Court has no obligation to fill the void left by inadequate briefing or construct arguments for litigants, the Court has attempted to interpret Plaintiff's arguments.  *See Nelson v. City of Chicago*, 17 Fed. App'x. 469, 470 (7th Cir. 2001) ("Although [courts] construe pro se filings . . . liberally, even pro se litigants are expected to include legal argument and some supporting authority in their briefs."); *Baliga v. Smith*, 594 F. Supp. 3d 1084, 1088 (S.D. Ind. Mar. 28, 2022) ("'It is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver.'" (quoting *Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010))).

Plaintiff appears to argue that the Court erred in finding that the claims against the officers in their individual capacities are time barred because the claims should relate back to the initial filing of the case due to allegations in the original complaint.  In support of her arguments, Plaintiff cites to portions of the original complaint that assert claims against: (1) the city and police department that employed the officers and (2) unnamed "Officers of Lawrence Police Department."  [Filing No. 64, at ECF p. 2-3.]  However, this is merely a rehashing of arguments addressed in the Court's order on the motion to amend [Filing No. 51] and, therefore, is not a proper basis for reconsideration.  The Court's prior order discussed Rule 15(c)'s relation back requirements and the dearth of evidence supporting relation back.  [Filing No. 51, at ECF p. 5-6.]  As discussed in that order, Plaintiff sought leave to assert claims against the officers in their individual capacities.[1]  For those claims to relate back, Plaintiff would have had to identify those individual officers by name in the original complaint.  Relation back requires notice to the

---

[1] The Court also denied Plaintiff leave to assert claims against the officers in their official capacities.  However, Plaintiff does not challenge this ruling.

3

individual Defendants—not just to their employers. [Filing No. 51, at ECF p. 5-6.] Therefore, the claims asserted against the city and police department of Lawrence in the original complaint do not satisfy Rule 15(c).  Similarly, claims against unidentified individuals—such as claims against unnamed "Officers of Lawrence Police Department" in the original complaint—fail to provide notice of the suit to the individual officers and, therefore, fail to satisfy Rule 15(c). *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15[.]").

Plaintiff also argues that the Court erred in denying leave to add the claims against the non-party officers because her original complaint alleged that she "would have had exact names" of those officers if she had not experienced difficulties accessing police body cam footage pre-suit. [Filing No. 64, at ECF p. 2-3.]  However, this is not a sufficient basis for reconsideration.  Litigants often have difficulties obtaining evidence pre-suit.  One solution to this would have been to file suit against known Defendants sooner and engage in formal discovery to identify others who were involved in the underlying incident before the statute of limitations expired.  Despite Plaintiff's frustrations during her pre-suit investigations, her claims against persons not named in the original complaint do not relate back.

Last, Plaintiff argues that, in ruling on the motion to amend, "the [C]ourt did not communicate any approval of Plaintiff's statement, regarding the City of Indianapolis being connected and the same as Marion County and therefore, the City of Indianapolis being [titled] as 'also known as Marion County' in Plaintiff's Second motion to amend[.]"  [Filing No. 64, at ECF p. 4.]  However, Plaintiff's motion for leave to file a second amended complaint did not articulate a request to rename any party.  The motion only alleged "Plaintiff associated Marion County with

4

'The [C]ity of Indianapolis,'" without providing further explanation or a specific request for relief. [Filing No. 40, at ECF p. 2.] The Court did not err in not addressing this vague language from Plaintiff's motion. While an act of the Indiana General Assembly, Unigov, has consolidated certain functions of the City of Indianapolis and Marion County since 1970, this is not a sufficient basis for renaming a party or asserting any claim jointly against the city and county. The City of Indianapolis remains a Defendant in this lawsuit, and Marion County is not.

For the reasons stated above, Plaintiff has not shown any error in or basis for reconsideration of the Court's order [Filing No. 51].

### III. Conclusion

Accordingly, Plaintiffs' motions to correct error in the order on Plaintiff's motion for leave to file second amended complaint [Filing No. 62; Filing No. 63; and Filing No. 64] are denied.

Date:  7/3/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

LUCRETIA CLAY
10242 John Jay Drive
Indianapolis, IN 46235