UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUCRETIA CLAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-00018-JPH-TAB ) |
| ANDREW THORUP in his individual and official capacity, et al. | ) ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff, Lucretia Clay, brought this action in Indiana state court on behalf of herself and three of her minor children, raising claims related to an interaction with City of Lawrence police officers and her subsequent arrest. Dkt. 1-2. Defendants removed the case to this Court on January 3, 2025. Dkt. 1; *see* dkt. 52 (denying Ms. Clay's motion to remand). Ms. Clay filed a second amended complaint on May 20, 2025. Dkt. 53-1.

Defendants responded to Ms. Clay's second amended complaint by filing three motions to dismiss for failure to state a claim. Dkt. 55; dkt. 58; dkt. 60. In August 2025, after the motions to dismiss were briefed, Ms. Clay filed a motion for leave to file a third amended complaint. Dkt. 101. She argues that leave to amend should be granted because her proposed third amended complaint is "a good-faith effort to refine the pleadings in light of the legal arguments and alleged deficiencies raised by the Defendants." *Id.* at 1–2. Defendant Axon Enterprise opposes the motion for leave to amend, arguing

1

that it would be futile as to Axon.  Dkt. 102.  The remaining defendants have not opposed the motion.

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave [to amend] when justice so requires." *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).  A plaintiff should therefore "be given every opportunity to cure a formal defect in his pleading . . . even [if] the court doubts that plaintiff will be able to overcome the defects."  *Id.*  If "it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend."  *Id.*  But "[s]uch cases of clear futility at the outset of a case are rare" and "[a]mendment should be refused only if it appears to a certainty that plaintiff cannot state a claim."  *Id.*

Moreover, Axon's motion to dismiss the second amended complaint and its opposition to the third amended complaint based on futility would each have to be reviewed under Federal Rule of Civil Procedure 12(b)(3).  *See Nowlin v. Prtizker*, 34 F.4th 629, 635 (7th Cir. 2022).  Addressing parallel briefing on those issues "in piecemeal fashion" would thus "force the court" to essentially resolve two "motions to dismiss instead of one."  *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 348 (7th Cir. 2018).  Granting leave to amend, by contrast, would allow all Defendants to respond to one set of allegations.

Last, Ms. Clay sought leave to amend by the deadline for doing so, *see* dkt. 50 at 4, instead of risking a finding of "undue delay and unfair prejudice" by waiting for a ruling on the motions to dismiss.  *O'Boyle*, 910 F.3d at 348; *see Fosnight v. Jones*, 41 F.4th 916, 924–25 (7th Cir. 2022).  The deadline for

seeking leave to amend has now passed, so granting Ms. Clay's motion for leave to file a third amended complaint will bring finality to the operative complaint in this case.  *See* dkt. 50 at 4.  For these reasons, "applying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure" that this case "will be decided justly." *Runnion*, 786 F.3d at 520; *see Saint Anthony Hosp. v. Eagleson*, 40 F.4th 492, 517–18 (7th Cir. 2022).

Ms. Clay's motion for leave to amend is therefore **GRANTED** under Federal Rule of Civil Procedure 15(a)(2).  Dkt. [101].  The **Clerk is directed** to docket Ms. Clay's third amended complaint as a separate docket entry.  Dkt. [101-1].  The **Clerk is directed** to terminate all Plaintiffs other than Lucretia Clay from the docket because she is the only plaintiff named in the third amended complaint.  *See id.*; Fed. R. Civ. P. 10(a); *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

Because Defendants' motions to dismiss addressed a prior complaint, they are **DENIED without prejudice as moot**. Dkt. [55]; dkt. [58]; dkt. [60]. Ms. Clay's motion in opposition to the State of Indiana's motion to dismiss is **DENIED without prejudice as moot** for the same reason.  Dkt. [66].  Ms. Clay's motions attempting to add additional defendants to a prior complaint are also **DENIED without prejudice as moot** because that complaint has been superseded and her more recent third amended complaint is now the operative complaint.  Dkt. [105]; dkt. [109]; dkt. [113]; *see Royal Canin U.S.A., Inc. v.*

*Wullschleger*, 604 U.S. 22, 35 (2025) ("And the plaintiff's control over those matters extends beyond the time her first complaint is filed. If a plaintiff amends her complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case."). Defendants' motions to strike Ms. Clay's briefs related to these motions are similarly **DENIED as moot**. Dkt. [75]; dkt. [89]; dkt. [112].

Ms. Clay's motion to correct errors regarding the Court's order denying her motion to remand is **DENIED**. Dkt. [65]. While Ms. Clay alleges that the City of Lawrence's exhibits "show strong evidence of perjury, obstruction, forgery, and fraud," she has provided no support other than her speculation based on font size and formatting. *Id.* She also has not explained how the exhibits would affect the order denying remand even if they were not authentic. *See id.*; dkt. 52. Ms. Clay next continues to argue that the removal was untimely because Officer Brooks received the complaint more than thirty days before the removal. Dkt. 65 at 4. But, as explained in the order denying remand, she has not shown that Officer Brooks was properly served at his place of employment under Indiana Trial Rule 4.1. Dkt. 52 at 2; *see Claus v. Mize*, 317 F.3d 725, 727–28 (7th Cir. 2003). If Ms. Clay has concerns about the discovery provided to her in this case, she can address those concerns with Magistrate Judge Baker.

**SO ORDERED.**

Date: 12/2/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LUCRETIA CLAY
10242 John Jay Drive
Indianapolis, IN 46235

All electronically registered counsel

Case 1:25-cv-00018-JPH-TAB Document 129 Filed 12/02/25 Page 5 of 5 PageID #: 2305