UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUCRETIA CLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00018-JPH-TAB |
| ) | |
| ANDREW THORUP in his individual and ) | |
| official capacity, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER OVERRULING RULE 72 OBJECTION**

Plaintiff Lucretia Clay is pursuing civil-rights claims related to an altercation with City of Lawrence police officers. *See* dkt. 130 (third amended complaint). On December 22, 2025, Defendants filed a motion to modify the case management plan and extend deadlines, seeking to extend discovery and dispositive-motion deadlines by about four months. Dkt. 146. Magistrate Judge Baker granted that motion the next day. Dkt. 148. Ms. Clay objects to that order under Federal Rule of Civil Procedure 72(a). Dkt. 154.

Federal Rule of Civil Procedure 72(a) allows district courts to consider "timely objections" to magistrate court orders "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Clear error is an "extremely deferential standard of review." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006). An order is clearly erroneous only when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Id.*; *see Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926 (7th Cir. 1997) (discussing Rule 72(a) objections).

1

Under Federal Rule of Civil Procedure 6(b)(1), deadlines can be extended "for good cause." Here, Defendants explained in their motion that they had "been focused on motions practice" under Ms. Clay's recently amended complaint, so they needed additional time to comply with the deadlines. Dkt. 146. That amply supports good cause and the extension of time that Magistrate Judge Baker granted. *See Wheatley v. Factory Card & Party Outlet*, 826 F.3d 412, 417 (7th Cir. 2016) (When the motion to amend deadline "was filed in a timely manner . . . the court did not abuse its discretion in finding good cause."). Nevertheless, Ms. Clay argues that Magistrate Judge Baker clearly erred because he "ignore[d] the tactical history of the Third Amendment Complaint" and granted the motion before she responded in opposition to it. Dkt. 156. But because Defendants' motion to extend discovery-related deadlines was supported by good cause stemming primarily from Ms. Clay's recent decision to amend her complaint, it was not clear error for Magistrate Judge Baker to promptly grant it. *See Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013) ("[M]agistrate and district courts enjoy extremely broad discretion in controlling discovery.").

Ms. Clay has not shown clear error by leaving the Court "with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943; *Pinkston*, 440 F.3d at 889. Her Rule 72(a) objection is therefore **OVERRULED**. Dkt. [154].

**SO ORDERED.**

Date: 2/20/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

Distribution:

LUCRETIA CLAY
10242 John Jay Drive
Indianapolis, IN 46235

All electronically registered counsel