UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LUCRETIA CLAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00018-JPH-TAB |
| | ) | |
| ANDREW THORUP in his individual and official capacity, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

Plaintiff Lucretia Clay seeks leave to file a fourth amended complaint and seeks a protective order related to her deposition. [Filing Nos. 156, 160.] Defendants oppose those motions and ask the Court to summarily rule on their pending motions to dismiss. [Filing Nos. 157, 161.] Plaintiff asks the Court to strike Defendant's request for a summary ruling. [Filing No. 163]. Plaintiff also seeks to seal an exhibit. [Filing No. 165.] The Court addresses those motions in detail below.

## I.      Motion for Leave to File Fourth Amended Complaint [Filing No. 156]

When granting Plaintiff's prior motion for leave to amend in December 2025, the district judge stated: "The deadline for seeking leave to amend has now passed, so granting Ms. Clay's motion for leave to file a third amended complaint will bring finality to the operative complaint[.]" [Filing No. 129, at p. 2-3.] Plaintiff now seeks leave to file a *fourth* amended complaint that would add several additional parties and claims. [Filing Nos. 156, 163.] Defendants oppose the amendment and argue that Plaintiff's motion to amend is untimely, futile, and unduly prejudicial and does not comply with the rules governing amendment and the Court's prior orders. [Filing No. 157.] The Court agrees.

1

Plaintiff filed her motion to amend on January 30, 2026—over five months after the August 11, 2025, deadline for amending pleadings.[1]  [Filing No. 50, at ECF p. 4.]  Thus, the requested amendment requires good cause for its untimeliness.  *See Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852-53 (7th Cir. 2022) (citing Fed. R. Civ. P. 16(b)(4)) (emphasizing the importance of "the diligence of the party seeking to amend" when assessing good cause and finding no good cause where a plaintiff possessed the documents that inspired the late amendment prior to the deadline).  Plaintiff argues that the deadline was "unrealistic" due to the time needed to review discovery received in late June 2025.  [Filing No. 156, at ECF p. 2.]  However, Plaintiff had the discovery that inspired the proposed fourth amended complaint more than a month before the deadline and at the time she moved for leave to file her third amended complaint.  [Filing No. 101.]  Plaintiff has not shown that she acted diligently in pursuing the amendment.  Thus, the motion to amend [Filing No. 156] is denied for lack of good cause for the late amendment.

Moreover, the amendment is futile and inconsistent with rules and prior orders.  The Court previously warned that all amended complaints must comply with the "short and plain" pleading standard.  [Filing No. 51, at ECF p. 7-8.]  Yet, Plaintiff's proposed fourth amended complaint [Filing No. 156-5] is unwieldy.  It is single spaced with extremely narrow margins, violating S.D. Ind. Local Rule 5-1 (requiring filings to have 1-inch margins and double spacing).  The proposed fourth amended complaint contains 589 paragraphs, excluding the prayer for relief, and 32 causes of action—21 more causes of action than the operative complaint.  It seeks to pursue claims on behalf of Plaintiff's minor children, which cannot be done without the assistance of counsel.  *See*

---

[1] The Court previously denied Plaintiff's request to extend this deadline.  [Filing No. 155.]  Like the most recent motion to amend, Plaintiff's motion seeking to enlarge the amendment deadline [Filing No. 150] was filed months after the expiration of that deadline.  While all extensions require good cause, extensions of expired deadlines are disfavored.  Fed. R. Civ. P. 6(b) (requiring a party to show "excusable neglect" when seeking an enlargement of an expired deadline).

*Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) ("[A] next friend may not, without the assistance of counsel, bring suit on behalf of a minor party."). Moreover, the proposed fourth amended complaint attempts to add 11 new Defendants, despite prior Court orders holding that claims against new Defendants are time barred. [Filing Nos. 51, at ECF p. 4-6; 71, at ECF p. 3-4.] Indeed, the fourth amended complaint includes untimely claims against the same six police officers that the Court previously rejected. [Filing No. 51, at ECF p. 4-6.] For the reasons stated in the Court's prior orders [Filing Nos. 51, 71], these claims are futile. A motion for leave to amend a complaint should not attempt to revive claims that the Court previously found to be futile or attempt to rehash arguments the Court previously rejected. *See Chi. Gun Club, LLC v. Vill. of Willowbrook*, No. 1:17-cv-6057, 2019 WL 8895215, at *1 (N.D. Ill. Mar. 20, 2019) (citing *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338 (7th Cir. 2018)) ("[A] proposed amended complaint is futile where it merely re-asserts rejected arguments[.])"; *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 62 Fed. App'x. 122, 124 (7th Cir. 2003) (affirming a denial of leave to amend where the proposed amended complaint asserted a cause of action that was "plainly duplicative" of a claim previously rejected by the court).

Additionally, the proposed amendment is unduly prejudicial. *See Allen*, 41 F.4th at 853 (stating that late amendments are more likely to cause prejudice). As the Court explained in its order denying an extension of the deadline to amend pleadings:

> The Court already—on two occasions—granted Plaintiff leave to amend her complaint, which mooted pending motions to dismiss. [Filing Nos. 51, 129.] Motions to dismiss are pending once again, and now Plaintiff seeks another opportunity to amend her complaint. The Court declines Plaintiff's most recent request to have history repeat itself.

[Filing No. 155.] Defendants would be prejudiced if the Court, once again, mooted their motions to dismiss. Moreover, the new parties and causes of action in the proposed fourth amended

3

complaint would vastly widen the issues presented in this case and warrant significant additional discovery as discovery is set to close.  [Filing No. 148 (continuing the liability and non-expert discovery deadline to April 1, 2026).]  The requested amendment would be unduly prejudicial at this stage in the litigation.  *See Allen*, 41 F.4th at 853.

Accordingly, the Court denies Plaintiff's motion for leave to file a fourth amended complaint.  [Filing No. 156.]  Defendants request the Court summarily rule on the motions to dismiss, and Plaintiff asks the Court to strike that request.  [Filing Nos. 157; 163.]  Plaintiff's motion to strike [Filing No. 163] is denied.  However, the Court will allow Plaintiff a final opportunity to respond to Defendants arguments for dismissal.  Plaintiff shall have until April 3, 2026, to file a brief in opposition to the pending motions to dismiss.  Under no circumstance shall Plaintiff respond to the motions to dismiss with yet another motion for leave to amend the operative complaint, nor shall Plaintiff request an extension of this deadline.  Plaintiff's third amended complaint [Filing No. 130] remains the operative complaint.

## II.   <u>Motion for Protective Order [Filing No. 160]</u>

On January 28, 2026, Defendants City of Lawrence, Andrew Thorup, and Khalid Brooks (collectively, the Lawrence Defendants) noticed Plaintiff's deposition, to take place at the office of the Lawrence Defendants' counsel on March 9, 2026.[2]  [Filing No. 161-1.]  On March 2, 2026, Plaintiff filed a motion seeking a protective order and accommodations related to her deposition. [Filing No. 160.]  Plaintiff requests the following accommodations: remote handling of the deposition; mandatory breaks; a 3.5-hour durational limit; restrictions as to the scope of

---

[2] In light of Plaintiff's March 11 reply brief [Filing No. 166], the Court presumes that the parties did not complete Plaintiff's deposition on March 9 as noticed.

questioning; advance production of all exhibits; and discretionary authority to suspend the deposition.  Plaintiff's motion [Filing No. 160] is granted in part and denied in part.

A party seeking a protective order must show good cause that an order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  "[T]he court may on motion order . . . that a deposition be taken by . . . remote means," such as video conferencing.  Fed. R. Civ. P. 30(b)(4).  Plaintiff has provided medical reasons to support her request for a video conference deposition with breaks.  Defendants argue that Plaintiff should be deposed in person to better visualize Plaintiff as needed to assess her credibility; to film the deposition; and to avoid the improper use of Artificial Intelligence tools by the deponent.  However, these concerns can be mitigated.  Plaintiff shall communicate with counsel for the Lawrence Defendants to ensure that she has access to equipment necessary to participate fully in a video conference deposition.  Plaintiff shall remain visible on camera during the deposition.  The video conference deposition may be recorded.  Most court reporting companies offer such recording services.  Plaintiff shall not utilize AI programs during the deposition.  As is true for all deponents, Plaintiff's deposition testimony should be based on her own personal knowledge, not external sources such as AI.  Additionally, Plaintiff has shown good cause to justify a 10-minute break every hour of the deposition.

Plaintiff has not shown good cause to limit the duration or scope of the deposition; for advance production of exhibits; or for permission to terminate the deposition at her discretion.  Federal Rule of Civil Procedure 30(d)(1) limits depositions to seven hours.  Plaintiff has not shown that her health prevents her from attending a multi-hour deposition given the other accommodations approved in this order.  Moreover, the parties must participate in the deposition in good faith.  There is no reason to presume that Defendants will ask improper questions or act in

bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses any party. *See* Fed. R. Civ. P. 30(d)(3). Plaintiff has not shown good cause to limit the topics of the deposition or to allow for its early termination. The parties may ask questions "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (defining the scope of discovery). During the deposition, parties may respectfully object to questions, "but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2).

Additionally, Plaintiff also objects to the "unilateral" scheduling of her deposition. Under S.D. Ind. Local Rule 30-1(d), parties must "make a good faith effort to schedule depositions in a manner that avoids scheduling conflicts," and depositions cannot be scheduled "on less than 14 days notice." The Lawrence Defendants complied with Rule 30-1 by reaching out to Plaintiff regarding her availability and noticing the deposition more than a month in advance. [Filing Nos. 161, at ECF p. 1; 166-3; 166-4.] It is the responsibility of the party whose deposition has been requested to respond to scheduling communications and raise accommodation requests in a timely manner. Plaintiff failed to do so. The parties shall cooperate when rescheduling the deposition at their earliest convenience.

### III.    <u>Motion to Seal or Redact [Filing No. 165]</u>

Plaintiff also filed a motion seeking to seal or redact bodycam footage submitted as an exhibit to her reply in support of her motion to amend. [Filing No. 165.] Plaintiff argues that the footage is entitled to secrecy because it depicts her minor children. However, as explained in the Clerk's notice of noncompliant manual filing, the video file was not in an approved format. [Filing No. 168.] Thus, the footage has not been made part of the public record, and since Plaintiff does

not have leave to amend her complaint further, she need not re-file it.  Accordingly, the motion to seal or redact [Filing No. 165] is denied as moot.[3]

### IV.      Conclusion

Plaintiff's motion for leave to file a fourth amended complaint [Filing No. 156] and motion to seal [Filing No. 165] are denied.  Plaintiff's motion to strike [Filing No. 163] is also denied. However, Plaintiff shall have until April 3, 2026, to file her response to Defendants' motions to dismiss.  Plaintiff's motion for protective order [Filing No. 160] is granted to the extent that her deposition shall be conducted via video conference and with breaks as discussed above.  Plaintiff's motion for protective order [Filing No. 160] is denied to the extent it seeks additional accommodations.

Date:  3/20/2025

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

LUCRETIA CLAY
10242 John Jay Drive
Indianapolis, IN 46235

---

[3] Court filings are presumptively public, "unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010).  Filing a motion to seal does not guarantee that the Court will find good cause to overcome that presumption.  By filing a document, a litigant risks its public disclosure.  Additionally, the onus is on the filing party to make any proposed redactions, not the Court.  *See* S.D. Ind. L.R. 5-11(c).