UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LUCRETIA CLAY,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW THORUP in his individual and official capacity,<br>KHALID BROOKS in his individual and official capacity,<br>CITY OF LAWRENCE,<br>LAWRENCE POLICE DEPARTMENT,<br><br>Defendants. | ) | No. 1:25-cv-00018-JPH-TAB |

**ORDER**

Lucretia Clay is pursuing civil-rights claims arising out of an altercation with City of Lawrence police officers and her subsequent arrest. Ms. Clay has filed four objections under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Baker's orders. Dkt. [217]; dkt. [251]; dkt. [271]; dkt. [272]. For the reasons below, those objections are **OVERRULED**.

## I.
## Rule 72(a) Standard

Federal Rule of Civil Procedure 72(a) allows parties to object to magistrate judges' non-dispositive orders "within 14 days after being served with a copy." The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "Clear error is an extremely deferential standard of review." *Pinkston v. Madry*, 440 F.3d 879,

888 (7th Cir. 2006). An order is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Id.; see Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943–44 (7th Cir. 1997) (discussing Rule 72(a) objections). "A conclusion of law is 'contrary to law' where the magistrate judge 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Pain Ctr. of SE Indiana, LLC v. Origin Healthcare Sols. LLC*, No. 1:13-cv-133-RLY-DKL, 2014 WL 958464 at *3 (S.D. Ind. Mar. 12, 2014).

## II.
## Objection to Order Denying Omnibus Motion

In April 2026, Ms. Clay filed an "emergency omnibus motion" alleging that Defendants conspired to turn off their body-worn cameras during her arrest, tampered with video evidence by removing logos and timestamps, and did not preserve all bodycam videos. Dkt. 174. Ms. Clay requested sanctions and "a total restoration of the discovery timeline and a striking of the Defendants' previous procedural advantages gained through this deception." *Id.* at 19–20.

Magistrate Judge Baker denied Ms. Clay's motion, finding that her allegations of conspiracy and evidence tampering were speculative and unsupported by evidence. Dkt. 214 at 3–4. He also denied Ms. Clay's request for sanctions for Defendants' failure to preserve two bodycam videos because no evidence showed prejudice or improper intent. *Id.* at 4–6. Finally, Magistrate Judge Baker struck Ms. Clay's reply brief for non-compliance with

the Local Rules' length requirements and struck evidence filed with the reply brief because it could have been filed with her opening brief. *Id.* at 6–7. Ms. Clay objects to Magistrate Judge Baker's order. Dkt. 217.

**A. Striking of reply brief and evidence**

Ms. Clay argues that Magistrate Judge Baker clearly erred by striking her reply brief and evidence filed with it. Dkt. 217 at 1–3. She does not contest, however, that her reply brief violated the Local Rules' requirement that "[r]eply briefs may not exceed 15 pages." S.D. Ind. L.R. 7-1(e)(1). "[D]istrict courts may require strict compliance with their local rules—a point [the Seventh Circuit has] recognized time and again." *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020) And Magistrate Judge Baker had already cautioned Ms. Clay about violating the local rules. *See* dkt. 169 at 2; dkt. 190 at 1. While Ms. Clay contends that the standard practice is "disregard the extra pages" instead of striking the brief, she cites no authority in support, dkt. 217 at 2, and the Local Rules allow the Court to "strike from the record any document that does not comply with the rules governing the form of documents filed with the court, such as rules that regulate document size," S.D. Ind. L.R. 1-3; *accord Abner v. Scott Mem. Hosp.*, 934 F.3d 962, 963 (7th Cir. 2011).

Similarly, for the stricken evidence, Ms. Clay does not challenge Magistrate Judge Baker's conclusion that it could have been filed with her initial motion instead of with the reply brief. Dkt. 217 at 2–3; *see United States v. Balzano*, 916 F.2d 1273, 1296 n.23 (7th Cir. 1990) ("Although Balzano

purported to provide examples of such evidence in his reply brief, it is well settled that a matter may not be raised for the first time in a reply brief."). Instead, Ms. Clay argues that Magistrate Judge Baker improperly prevented that evidence from being accessed in further judicial review. Stricken evidence, however, remains accessible if necessary for review of Magistrate Judge Baker's decision[1], and he did not commit clear error in striking it from consideration for the merits of Ms. Clay's motion.

**B. Bodycam video evidence**

Ms. Clay contends that officers conspired to cause a "blackout" in bodycam footage that left an "unrecorded 'void' while Plaintiff was still held in custody, visibly injured, and crying for help in the back of the patrol car." Dkt. 217 at 8, 19–21. She has presented no evidence supporting a conspiracy to stop recording and has not explained why officers would conspire to turn off body cameras after she was in custody in the patrol car. *See id.* Ms. Clay instead speculates that there was a conspiracy because several officers turned off their cameras within ten minutes of each other. *Id.* at 19. But she does not explain why their decision to stop recording at similar times after Ms. Clay was in custody would be illegitimate or even suspicious. *See id.* There was therefore no clear error in Magistrate Judge Baker's finding that this allegation was "speculative and unpersuasive." Dkt. 214 at 4.

---

[1] While Ms. Clay's notice of manual filing lists several exhibits, the flash drive she provided includes only a video compilation labeled Exhibit 174A.1. *See* dkt. 203.

Ms. Clay next argues that Magistrate Judge Baker clearly erred in ruling that sanctions were not warranted for Defendants' failure to preserve two bodycam videos. Dkt. 217 at 3–8.[2] Defendants produced bodycam video from six officers who were present at the scene of Ms. Clay's arrest, including from Defendants Andrew Thorup and Khalid Brooks. Dkt. 214 at 5 (citing dkt. 193 at 7–8). Bodycam video from a non-defendant officer, Brandon Raftery, was deleted, as was video from an initial interaction between Officer Thorup and Ms. Clay. *Id.* at 5–6.

Ms. Clay has not alleged any prejudice from the deletion of Officer Raftery's video footage. *See* dkt. 217 at 8–9. While she contends that the deletion must have been intentional, she does not contest Magistrate Judge Baker's finding that the video would be redundant to the extensive video that was preserved and produced in discovery. *See id.*; dkt. 214 at 6. Ms. Clay therefore has not shown clear error in Magistrate Judge Baker's decision that discovery sanctions were not warranted. *See* Fed. R. Civ. P. 37(e)(1); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857–58 (7th Cir. 2003).

For Officer Thorup's bodycam from his initial encounter with Ms. Clay, Magistrate Judge Baker found that sanctions were not warranted because the failure to preserve was unintentional and any prejudice could be mitigated.

---

[2] Ms. Clay also argues in her objection that video evidence from Officer Gustavo Canas "was missing or withheld." Dkt. 217 at 14. While Ms. Clay briefly mentioned Officer Canas in her omnibus motion, she offered no explanation for her belief that his video footage has not been turned over and cited no evidence in support. Dkt. 174 at 4, 19. This argument is therefore waived. *See Brockett v. Effingham County, Ill.*, 116 F.4th 680 686 (7th Cir. 2024) ("[A]rguments that are underdeveloped, cursory, and lack supporting authority are waived.").

Dkt. 214 at 6. Ms. Clay contends that the video deletion was intentional and part of a broader conspiracy, but she does not explain how the video would meaningfully affect her Fourth Amendment claims against Officer Thorup for his actions during the subsequent encounter. *See* dkt. 217 at 6–8. Nor does she respond to Magistrate Judge Baker's conclusion that she could mitigate any prejudice by deposing Officer Thorup. *See id.*; dkt. 214 at 6. Ms. Clay therefore has not shown clear error here either. *See Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013) (showing a duty to preserve evidence is not enough; a party seeking a spoliation finding "must also show destruction in bad faith").

Finally, Ms. Clay appears to argue that Magistrate Judge Baker committed clear error in finding that Defendants did not improperly alter video evidence produced in discovery. Dkt. 217 at 16–18. Magistrate Judge Baker credited the affidavit from Travis Cline, the Lawrence Police Department's Deputy Chief of Operations, stating that the Lawrence Police Department "can export video from its evidence management system with or without various overlays, including timestamps, but '[t]he presence or absence of overlays does not alter underlying video content.'" Dkt. 214 at 3–4; dkt. 193-1 at 3. While Ms. Clay argues that Deputy Chief Cline was not qualified as an expert, dkt. 217 at 16, the affidavit was based on his personal knowledge without offering impermissible expert opinions. *See* dkt. 193-1 at 1–3; *United States v. Fung*, 183 F.4th 566, 574–75 (7th Cir. 2026) ("[A] witness who may be considered an expert for certain purposes or in certain areas may still offer lay opinions based

on her personal knowledge."). Magistrate Judge Baker also rejected Ms. Clay's allegations of altered videos as "speculative and unpersuasive," dkt. 214 at 4, and Ms. Clay continues to offer only speculation in her objection, *see* dkt. 217 at 16–18. As Magistrate Judge Baker explained, Ms. Clay could have filed a request for production if she wanted the video files in another format, dkt. 214 at 2, but she does not contend that she did so, dkt. 217 at 15.

Ms. Clay's objection to Magistrate Judge Baker's order denying her "omnibus motion" is therefore **OVERRULED**.[3] Dkt. [217]. Ms. Clay's motion for expedited ruling is **GRANTED** to the extent that the Court has ruled on her objection. Dkt. [269].

**III.**
**Objection to August 6, 2025 Discovery Order**

On August 6, 2026—the day after holding a discovery conference—Magistrate Judge Baker denied as moot Ms. Clay's motions to vacate or reschedule that conference. Dkt. 246. He also found that Defendants had responded to Ms. Clay's discovery requests and authorized Ms. Clay to file a motion to compel "[t]o the extent [she] believes [the responses] are incomplete or inadequate." *Id.*

Ms. Clay first argues that Defendants' discovery responses are deficient, so Magistrate Judge Baker committed clear error by finding that they "have responded" to discovery. Dkt. 251 at 5. But Magistrate Judge Baker did not

[3] In their response to Ms. Clay's Rule 72 objection, Defendants argue that they "should be entitled to their reasonable attorney's fees" because Ms. Clay "continued to pursue a Rule 37 motion without substantial justification." Dkt. 236 at 4. Defendants may file a motion for fees within two weeks of service of this order.

find that Defendants' responses were or were not deficient—instead, he authorized Ms. Clay to file a motion to compel to address any inadequacies. Dkt. 246. There was therefore no clear error.

Ms. Clay also argues that her motions "were unjustly mooted," but she appeared and represented herself at the status conference, so there was no clear error in denying as moot her motions to vacate or reschedule that conference. *See* dkt. 246 (denying as moot dkt. 244 and dkt. 245). Similarly, there was no clear error in denying as moot Ms. Clay's motion to strike regarding the dispositive motion deadline after that deadline had been extended. *See id.* (denying as moot dkt. 235 because the order at dkt. 230 extended the deadline to file dispositive motions).

Ms. Clay's objection to Magistrate Judge Baker's August 6, 2026 discovery order is therefore **OVERRULED**. Dkt. [251]. Ms. Clay's motion to strike Defendants' response brief is **DENIED** because the Court did not rely on the arguments that Ms. Clay alleges are "unrelated, off-topic, and prejudicial." Dkt. [274].

## IV. Objections to Order Denying Extension of Time

In August 2026, Ms. Clay filed a motion for extension of time to permit her to file a motion for reconsideration regarding her "omnibus motion" after the Court ruled on her Rule 72 objection regarding that motion. Dkt. 252. Magistrate Judge Baker denied the motion, finding it was "not supported by good cause." Dkt. 256.

Ms. Clay filed a Rule 72 objection to that denial. Dkt. 271. But she has provided no explanation or authority why it was clear error to deny an extension of time to file a reconsideration motion when Ms. Clay has already sought review of the denial under Rule 72(a). *See Jovanovic v. In-Sink-Erator Div. of Emerson Elec. Co.*, 201 F.3d 894, 896–97 (7th Cir. 2000). This objection is therefore **OVERRULED**. Dkt. [271].

**V.**
**Objection to Order Denying Deadline Stay**

In August 2026, Ms. Clay filed a motion to stay the dispositive motion deadline because of a family member's medical emergency. Dkt. 264. Magistrate Judge Baker denied the motion because "an indefinite stay" was not required, but allowed Ms. Clay "to file a renewed request for a brief extension of deadlines as may be supported by good cause." Dkt. 267.

Ms. Clay objects to that ruling under Rule 72, arguing that Magistrate Judge Baker's "denial of scheduling relief under these extraordinary, catastrophic circumstances is an unimaginable abuse of power." Dkt. 272. It was not clear error, however, for Magistrate Judge Baker to require Ms. Clay to seek deadline extensions rather than an indefinite stay of the dispositive motion deadline. *See Jovanovic*, 201 F.3d at 896–97. This objection is therefore **OVERRULED**. Dkt. [272].

**VI.**
**Conclusion**

Ms. Clay's objections are **OVERRULED**. Dkt. [217]; dkt. [251]; dkt. [271]; dkt. [272]. Ms. Clay's motion for expedited ruling is **GRANTED** to the extent

that the Court has issued this order. Dkt. [269]. Ms. Clay's motion to strike is **DENIED**. Dkt. [274].

On August 27, 2026, Defendants filed a motion for summary judgment. Dkt. 258. Ms. Clay's motion to respond to that motion **IS EXTENDED THROUGH November 9, 2026**. *See* dkt. 281 (Defendants' filing indicating that they do not object to a 30-day extension of time for Ms. Clay to respond). Ms. Clay should not anticipate that any further extensions of this deadline will be granted. Any reply brief **SHALL BE FILED by November 23, 2026**.

**SO ORDERED.**

Date: 10/8/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LUCRETIA CLAY
10242 John Jay Drive
Indianapolis, IN 46235

All electronically registered counsel